BRIAN A. VOGEL, SBN 167493
EMAIL: brian@bvogel.com
THE LAW OFFICES OF BRIAN A. VOGEL, PC
770 County Square Dr., Ste. 104
Ventura, CA 93003
Phone: (805) 654-0400
FAX: (805) 654-0326

Attorney for Plaintiff
WAYNE SCOLES

UNITED STATED DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CV09-6953 PA (RCx)

| | |
|---|---|
| WAYNE SCOLES, an individual,<br><br>            Plaintiff,<br><br>-vs-<br><br>THE CITY OF SANTA BARBARA, THE SANTA BARBARA POLICE DEPARTMENT, POLICE CHIEF CAMERINO SANCHEZ, AND DOES 1-10, inclusive.<br><br>            Defendants. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983, False Arrest)<br>2. VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983, Malicious Prosecution)<br>3. VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983, 1st Amendment)<br>4. VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983, *Monell*)<br><br>**DEMAND FOR JURY TRIAL** |

1

## JURISDICTION AND VENUE

1. This is a complaint for money damages by plaintiff arising under 42 U.S.C. §§ 1983 and 1988. Plaintiff seeks redress for deprivation of his rights, privileges and immunities secured by the First, Fourth and Fourteenth Amendments to the United States Constitution.

2. Subject matter jurisdiction for this action is conferred upon this Court pursuant to 28 U.S.C. §§1331 (federal question) and 1343(3) (civil rights) as the cause of action arises under 42 U.S.C. §1983.

2. The acts complained of arose in the Central District of California. Therefore, venue properly lies here pursuant to 28 U.S.C. § 1391. Venue in this Court is also proper pursuant to 28 U.S.C. §1391(b)(1) in that one or more Defendants reside in or has its principal place of business in the Central District of California.

## PARTIES

4. Plaintiff, Wayne Scoles, at all times material herein, was an adult citizen residing in Santa Barbara County, California within the jurisdiction of the United States District Court, Central District of California.

5. At all times material herein, Defendant City of Santa Barbara, (hereinafter "CITY"), was a governmental entity incorporated in on May 2, 1967 as a charter city duly organized under the laws of the County of Santa Barbara and the State of California and in doing the acts herein complained of, CITY was acting in its capacity as a city which employed a police department. CITY is located in the Central District of California.

6. At all times material herein, Defendant Santa Barbara Police Department (hereinafter "SBPD") was the duly authorized law enforcement agency in and for the City of Santa Barbara.

7. At all times material herein, Defendant Santa Barbara Police Department Chief Camerino

Sanchez, (hereinafter "SANCHEZ" or "Chief SANCHEZ") was the Chief of Police for Defendant Santa Barbara Police Department, ("SBPD"). At all times material herein, Defendant SANCHEZ was acting individually and under the color of state law or local ordinance. He is sued in his individual capacity.

8. Plaintiff is ignorant of the true names and capacities, whether corporate, individual, partnership, associate or otherwise, of Defendants sued herein as fictitious DOES 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when they are ascertained. Plaintiff is informed and believes, and based thereon alleges, that each defendant DOE herein is in some manner responsible for the injuries and damages suffered by Plaintiff.

## GENERAL ALLEGATIONS

9. This action is brought under Title 42 U.S.C. §§1983, 1988, and the First, Fourth, and Fourteenth Amendments of the United States Constitution and pursuant to the general laws of the United States. This case arises out of the unlawful seizure, arrest and false imprisonment of Plaintiff by Defendants, SANCHEZ and the SBPD. Plaintiff, who had committed no crime, was seized, arrested and denied his personal liberty without probable cause as a result of the conduct of SANCHEZ, who was employed by the City of Santa Barbara as the Chief of Police, and was acting under color of state law.

## FACTUAL ALLEGATIONS

10. Plaintiff is a longtime resident of Santa Barbara with a history of community activism and regular attendance at city council meetings. Plaintiff has spoken frequently at city council meetings, advocating for community improvements such as increased police presence and increased traffic regulation for problem areas in general, and for his neighborhood, the Shoreline

Case 2:09-cv-06953-PA-RC   Document 1   Filed 09/24/09   Page 4 of 15   Page ID #:4

and Mesa area of Santa Barbara, in particular. Plaintiff also has a history of advocating for the interests of retirees in the area and Shoreline park visitors.

11. Long before June 27, 2008, Plaintiff believed that police response in his neighborhood had been unsatisfactory and he regularly reported this complaint at both City Council meetings, in neighborhood meetings, and in numerous telephone calls to Chief SANCHEZ.

12. On June 27, 2008, Chief SANCHEZ was attending his nephew's wedding ceremony and party at Shoreline Park. Associated with the wedding was an illegally parked, 60-foot limousine, which was blocking the eastbound lane of Shoreline Drive and the bike path.

13. On June 27, 2008, Plaintiff was at Shoreline Park with his dogs. While Plaintiff was talking to his neighbor, Ralph Squibb ("SQUIBB"), he saw Chief SANCHEZ walk by in full uniform and assumed that Chief SANCHEZ was working in his official capacity as Chief of Police for the City of Santa Barbara.

14. Plaintiff called out to SANCHEZ as he walked by and inquired about the multitude of voice mails that he had left on Chief SANCHEZ' voicemail regarding crimes being committed in and around Shoreline Park by homeless people, illegal aliens and Mexican gang members. Chief SANCHEZ responded by claiming not to know who Plaintiff was, and told Plaintiff that he had never received a call or a message from Plaintiff.

15. SANCHEZ later claimed that he recognized Plaintiff from television, but could not remember his name.

16. Plaintiff was upset by the lack of police in the area and SANCHEZ' insistence that he had never received any calls from Plaintiff. SANCHEZ kept asking "Who are you?" "I don't know you." "What's your name?" over and over even though Plaintiff kept telling him who he was. Plaintiff reacted by speaking in a raised voice and using curse words. SANCHEZ responded to

4

this by yelling back at Plaintiff and shaking his finger at him. At no time did Plaintiff challenge SANCHEZ to fight.

17. During this verbal exchange with Chief SANCHEZ, Plaintiff complained loudly about his firmly held belief that the SBPD was not doing enough to protect to the Shoreline Park area. Plaintiff did not use racial epithets and he never threatened SANCHEZ with physical violence.

18. Chief SANCHEZ called for backup, which resulted in an overwhelming police response, described by witness SQUIBB as "World War III."

19. When SBPD Officers arrived on the scene, SANCHEZ ordered responding officers to arrest Plaintiff. Although Plaintiff did not know why he was being handcuffed, he nonetheless cooperated and did not resist. While detained in the police car, Plaintiff continued to complain about the lack of police support in the community, and he continued to make statements about the ineffectiveness of the Santa Barbara Police Department.

20. Plaintiff was detained and interviewed for four hours before he was issued a citation for 415(1) P.C. Disturbing the Peace/Challenging to Fight and was released on his own recognizance.

21. The District Attorney filed charges against Plaintiff based upon false and misleading descriptions of the incident made by Chief SANCHEZ. The charges were disposed of in a manner favorable to the Plaintiff when he was found not guilty in a jury trial.

22. Plaintiff's injuries resulting from his arrest and unlawful incarceration and charging from the Santa Barbara District Attorney's office were the direct result of Defendant SANCHEZ's behavior

23. As a direct result of the conduct of Defendants, Plaintiff suffered violations of his Fourth

5

and Fourteenth Amendment rights to be free from false arrest, false imprisonment, and malicious prosecution.

24. As a direct result of the conduct of Defendants, Plaintiff suffered violations of his First Amendment right to engage in the highest form of protected free speech, criticizing a public agency or official, and, in effect, personally and publicly petitioning the responsible public official for redress of his grievances.

25. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff endured pain and suffering, suffered and continues to suffer emotional distress, embarrassment and humiliation, and he incurred substantial attorney's fees in defending an unsubstantiated criminal case. Plaintiff also suffered damage to his reputation. After his arrest, SBPD issued press releases which resulted in the false charges being widely disseminated throughout the community in various media including the front page of the local paper, on the local television news and on many local radio stations.

26. The aforementioned conduct of Defendant SANCHEZ was willful and malicious, and intended to oppress and cause injury, humiliation and embarrassment to Plaintiff. Plaintiff is therefore entitled to an award of punitive or exemplary damages.

**FIRST CAUSE OF ACTION FOR VIOLATION OF 42 U.S.C. §1983 AGAINST DEFENDANT SANCHEZ FOR FALSE ARREST AND IMPRISONMENT.**

27. Plaintiff incorporates Paragraphs 1 through 26, inclusive, as if set forth in full herein.

28. At all times herein mentioned, Defendant SANCHEZ was employed by the City of Santa Barbara as the Chief of Police.

29. On or about June 27, 2008, SANCHEZ, the acting Chief of Police of the City of Santa

Barbara, ordered subordinate officers to arrest Plaintiff. Chief SANCHEZ relayed materially false information to SBPD Officer Rhyne and SBPD Detective Hunter, which resulted in the arrest and detention of Plaintiff.

30. On or about June 27, 2008, Detective Hunter interrogated Plaintiff at the Santa Barbara Police Department for over four hours. The arrest and detention of Plaintiff were ordered by Chief Sanchez and were based upon his own false and misleading statements in describing the incident as a complaining witness.

### SECOND CAUSE OF ACTION FOR VIOLATION OF 42 U.S.C. §1983 AGAINST DEFENDANTS SANCHEZ AND DOES 1-5 FOR MALICIOUS PROSECUTION.

31. Plaintiff incorporates Paragraphs 1 through 30, inclusive, as if set forth in full herein.

32. Defendant SANCHEZ wrongfully caused Plaintiff to be charged and prosecuted for disturbing the peace with malice and without probable cause, and Defendant SANCHEZ did so for the purpose of denying Plaintiff his constitutional right, secured by the Fourth and Fourteenth Amendments, to be free from unlawful seizure, and his constitutional right, secured by the Sixth and Fourteenth Amendments, to receive a fair trial.

33. Defendant SANCHEZ induced the prosecution of Plaintiff through the use of perjured testimony, fabricated evidence, withheld evidence, and/or other wrongful conduct which he undertook in bad faith.

34. Specifically, Defendant SANCHEZ knowingly provided misinformation to the prosecutor, concealed exculpatory evidence, and/or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal process.

35. After a jury trial, the Plaintiff was found not guilty of the criminal charge.

36. Defendant SANCHEZ's conduct in causing the false report to be issued was done with malice towards Plaintiff.

37. The arrest of the Plaintiff was done by Defendants, and each of them, for the purpose of causing Plaintiff humiliation, embarrassment, damage to his reputation, and required Plaintiff to incur attorney's fees in defending the criminal action.

**THIRD CAUSE OF ACTION FOR VIOLATION OF 42 U.S.C. §1983 AGAINST DEFENDANT SANCHEZ FOR FIRST AMENDMENT VIOLATION.**

38. Plaintiff incorporates Paragraphs 1 through 37, inclusive, as if set forth in full herein.

39. The statements and conduct of the Plaintiff on June 27, 2008 were protected by the First Amendment of the United States Constitution and did not constitute a violation of Penal Code section 415(1), or Penal Code section 148.

40. Defendants' acts of arresting, imprisoning and incarcerating Plaintiff infringed on his First Amendment right to speak publicly about matters of public concern and to petition responsible government officials for redress of grievances.

**FOURTH CAUSE OF ACTION FOR VIOLATION OF 42 U.S.C. §1983 AGAINST DEFENDANTS CITY, CHIEF SANCHEZ, DOES 1-10, AND SBPD FOR FAILURE TO TRAIN, INVESTIGATE OR SUPERVISE CAUSING CONSTITUTIONAL VIOLATION AND CUSTOM CAUSING CONSTITUTIONAL VIOLATION.**

41. Plaintiff incorporates Paragraphs 1 through 40, inclusive, as if set forth in full herein.

42. Plaintiff is informed and believes and thereon alleges that Defendants CITY, CHIEF

SANCHEZ, DOES 1-10, and SBPD knew, or in the exercise of reasonable care should have known of customs, policies and practices inimical to the free exercise and enjoyment of constitutional rights of its citizens.

43. Defendants CITY, CHIEF SANCHEZ, DOES 1-10, and SBPD, with deliberate indifference, and conscious and reckless disregard to the safety, security and constitutional and statutory rights of Plaintiff, including the right to be free from unreasonable seizures under the Fourth Amendment, the right to due process of law under the Fourteenth Amendment, and the right to speak freely in public and to petition responsible government officials for redress of grievances under the First Amendment, maintained, enforced, tolerated, ratified, permitted, acquiesced in, and/or applied inter alia, the following policies, practices and customs: at all times material herein tolerated or maintained the unconstitutional custom, policy or practice of:

(a) Writing false police reports and/or giving false testimony;

(b) Institutional pressure to conform false testimony, evidence or reports by all officers involved in an incident to protect one or more of them from criminal prosecution or administrative discipline aka "Code of Silence"; in particular, in cases involving the use of force upon unarmed suspects, or the arrest of persons engaged in the exercise of their first amendment right to free speech involving criticism of police conduct or misconduct, it is a common practice to falsely claim that the force was justified because the arrestee was resisting arrest or attacking the officer.

(c) Sham or deficient investigations of allegations of police misconduct designed to allow police misconduct to escape detection by superiors and/or superiors who guide or shape the investigation to support a result exonerating the subject or target officers; and/or

(d) condoning and encouraging the fabrication of evidence, including but not limited to the filing of materially false police reports, the use of perjurious testimony, and/or making false statements to prosecution authorities to obtain the filing of false charges and the institution of false and malicious prosecutions against victims of misconduct by its officers.

44. As a proximate result of the foregoing unconstitutional municipal customs, policies and/or practices, tolerated or maintained, plaintiff's civil rights were violated as aforesaid.

45. Plaintiff is informed and believes and thereupon alleges that Defendants SANCHEZ and DOES 1-10 were the subject of prior complaints of allegations of similar conduct, had been the subject of administrative proceedings and had also been defendants in federal and state courts wherein the plaintiff(s) alleged violations of their constitutional rights by the defendants in the course and scope of their employment as police officers and under color of law.

46. Defendants CITY, CHIEF SANCHEZ, DOES 1-10, and SBPD, failed to properly screen applicants and hired persons who were psychologically unfit for duty, who falsified evidence after incidents of police misconduct, and used unreasonable, out-of-policy or unconstitutional police tactics to investigate police misconduct. The failure to discipline the individual officers for their unconstitutional conduct and for violation of SBPD's policy against unjustified arrest and/or use of force and falsifying facts and evidence in an investigation was a ratification of the wrongful conduct.

47. Defendants CITY and SBPD has a custom or practice which rejects and ignores the prior misconduct of an officer in imposing discipline. As a result, the custom, practice, or policy results in the retention of officers such as Defendants SANCHEZ, who have a propensity to abuse their authority, falsify evidence, and violate SBPD policy in the investigation of the

misconduct. This condones, ratifies, promotes, and perpetuates officer misconduct and the code of silence, which were moving forces in the violations of Plaintiff's constitutional rights.

48.     As a proximate result of the foregoing unconstitutional municipal customs, policies and/or practices, tolerated or maintained, plaintiff's civil rights were violated as aforesaid.

49.     Plaintiff claims general and special damages according to proof as a proximate result thereof.

## DEMAND FOR JURY TRIAL

50.     Plaintiff hereby demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment as follows:

1.  For general damages according to proof;
2.  For incidental expenses according to proof;
3.  For all lost earnings, past and future according to proof;
4.  For attorney's fees according to proof;
5.  For punitive damages;
6.  For costs of suit herein incurred;
7.  For such other and further relief as the court may deem proper.

Dated: September 23, 2009                LAW OFFICES OF BRIAN A. VOGEL, PC

                                         /s/ Brian Vogel
                                         BRIAN A. VOGEL
                                         Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Percy Anderson and the assigned discovery Magistrate Judge is Rosalyn M. Chapman.

The case number on all documents filed with the Court should read as follows:

**CV09- 6953 PA (RCx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| Wayne Scoles, an individual | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | CV09-6953 PA (RCx) |
| v. | |
| The City of Santa Barbara, The Santa Barbara Police Department, Police Chief Camerino Sanchez, and DOES 1-10, inclusive.  DEFENDANT(S). | SUMMONS |

TO:  DEFENDANT(S): The City of Santa Barbara, The Santa Barbara Police Department, Police Chief Camerino Sanchez, and DOES 1-10, inclusive.

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Brian A. Vogel_____, whose address is 770 County Square Drive, Ste. 104, Ventura, CA 93003_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: **24 SEP 2009**

By: _____**SHEA BOURGEOIS**_____
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)     SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Wayne Scoles, an individual

**DEFENDANTS**
The City of Santa Barbara, The Santa Barbara Police Department, Police Chief Camerino Sanchez, and DOES 1-10, inclusive.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Law Offices of Brian A. Vogel, PC
Brian Vogel, Attorney at Law
770 County Sqaure Drive, Ste. 104 Ventura, CA 93003 (805) 654-0400

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No     ☐ **MONEY DEMANDED IN COMPLAINT:** $ According to Proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. 1983- Violation of Civil Rights

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | | | ☐ 441 Voting | | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | ☒ 440 Other Civil Rights | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV09-6953

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Santa Barbara | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Santa Barbara | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Santa Barbara | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Brian Vogel_   Date _9/24/2009_

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |