1   Bruce D. Praet, SBN 119430
    FERGUSON, PRAET & SHERMAN
2   A Professional Corporation
    1631 East 18th Street
3   Santa Ana, California 92705
    (714) 953-5300 Telephone
4   (714) 953-1143 Facsimile
    Bpraet@aol.com
5

6   Stephen P. Wiley, City Attorney, SBN 84517
    Tom R. Shapiro, Asst. City Attorney, SBN 127383
7   P.O. Box 1990
    Santa Barbara, California 93102-1990
8   (805) 564-5326 Telephone
    (805) 897-2532 Facsimile
9   tshapiro@santabarbaraca.gov

10
    Attorneys for Defendants
11

12

13                  UNITED STATES DISTRICT COURT

14                 CENTRAL DISTRICT OF CALIFORNIA

15

16  WAYNE SCOLES, an individual,        )   CASE No. CV09-6953PA (RCx)
                                        )
17                      Plaintiff,      )   **DEFENDANTS' ANSWER TO**
                                        )   **COMPLAINT; DEMAND FOR**
18          vs.                         )   **JURY**
                                        )
19  CITY OF SANTA BARBARA, THE          )
    SANTA BARBARA POLICE                )
20  DEPARTMENT, POLICE CHIEF            )
    CAMERINO SANCHEZ, AND DOES          )
21  1-10, inclusive,                    )
                                        )
22                      Defendants.     )
                                        )
23  _____   )

24

25          COMES NOW, Defendants, City of Santa Barbara, the Santa Barbara Police

26  Department and Police Chief Camerino Sanchez, and answering the unverified

27  Complaint for themselves alone and pursuant to Fed.R.Civ.P., Rule 8, admit, deny

28  and allege as follows:

                                    1

1.    For answer to paragraph one, Defendants lack sufficient information to admit or deny the allegations in said paragraph and therefore deny same.

2.    For answer to paragraph two, Defendants admit the jurisdiction of this Court.

3.    For answer to paragraph three, Defendants admit that venue is proper.

4.    For answer to paragraph four, Defendants admit the allegations in said paragraph.

5.    For answer to paragraph five, Defendants admit the allegations in said paragraph.

6.    For answer to paragraph six, Defendants admit the allegations in said paragraph, but deny that the Police Department is a separate entity capable of being sued.

7.    For answer to paragraph seven, Defendants admit the allegations in said paragraph except are unable to admit or deny the capacity in which Plaintiff intends to sue the Chief.

8.    For answer to paragraph eight, Defendants lack sufficient knowledge to admit or deny the allegations in said paragraph, and therefore deny the same.

9.    For answer to paragraph nine, Defendants deny the allegations in said paragraph as stated.

10.    For answer to paragraph ten, Defendants deny the allegations in said paragraph.

11.    For answer to paragraph eleven, Defendants deny the allegations in said paragraph.

12.    For answer to paragraph twelve, Defendants admit that Chief Sanchez was attending a wedding, but deny the remaining allegations in said paragraph.

13.    For answer to paragraph thirteen, Defendants lack sufficient knowledge to admit or deny the allegations in said paragraph and therefore deny same.

14.   For answer to paragraph fourteen, Defendants admit that Chief Sanchez did not initially recognize Plaintiff, but deny the remaining allegations in said paragraph.

15.   For answer to paragraph fifteen, Defendants deny the allegations in said paragraph as stated.

16.   For answer to paragraph sixteen, Defendants admit that Plaintiff raised his voice and used "curse words", but deny the remaining allegations in said paragraph as stated.

17.   For answer to paragraph seventeen, Defendants admit that Plaintiff complained loudly, but deny the remaining allegations in said paragraph as stated.

18.   For answer to paragraph eighteen, Defendants deny the allegations in said paragraph as stated.

19.   For answer to paragraph nineteen, Defendants deny the allegations in said paragraph as stated.

20.   For answer to paragraph twenty, Defendants admit that Plaintiff was detained and cited, but deny the remaining allegations in said paragraph as stated.

21.   For answer to paragraph twenty-one, Defendants admit that the District Attorney filed charges against Plaintiff and that Plaintiff was eventually found not guilty at trial, but deny the remaining allegations in said paragraph.

22.   For answer to paragraph twenty-two, Defendants deny the allegations in said paragraph.

23.   For answer to paragraph twenty-three, Defendants deny the allegations in said paragraph.

24.   For answer to paragraph twenty-four, Defendants deny the allegations in said paragraph.

25.   For answer to paragraph twenty-five, Defendants deny all allegations in said paragraph.

///

26.   For answer to paragraph twenty-six, Defendants deny the allegations in said paragraph.

27.   For answer to paragraph twenty-seven, Defendants incorporate by reference all responses to paragraphs 1-26 above.

28.  For answer to paragraph twenty-eight, Defendants admit the allegations in said paragraph.

29.  For answer to paragraph twenty-nine, Defendants deny the allegations in said paragraph as stated.

30.  For answer to paragraph thirty, Defendants deny the allegations in said paragraph as stated.

31.  For answer to paragraph thirty-one, Defendants incorporate by reference all responses to paragraphs 1-30 above.

32.  For answer to paragraph thirty-two, Defendants deny the allegations in said paragraph.

33.  For answer to paragraph thirty-three, Defendants deny the allegations in said paragraph.

34.  For answer to paragraph thirty-four, Defendants deny the allegations in said paragraph.

35.  For answer to paragraph thirty-five, Defendants admit the allegations.

36.  For answer to paragraph thirty-six, Defendants deny the allegations in said paragraph.

37.  For answer to paragraph thirty-seven, Defendants deny the allegations in said paragraph.

38.  For answer to paragraph thirty-eight, Defendants incorporate by reference all responses to paragraphs 1-37 above.

39.  For answer to paragraph thirty-nine, Defendants deny the allegations in said paragraph.

///

40.  For answer to paragraph forty, Defendants deny the allegations in said paragraph.

41.  For answer to paragraph forty-one, Defendants incorporate by reference all responses to paragraphs 1-40 above.

42.  For answer to paragraph forty-two, Defendants deny the allegations in said paragraph.

43.  For answer to paragraph forty-three, Defendants deny the allegations in said paragraph, including all subparts.

44.  For answer to paragraph forty-four, Defendants deny the allegations in said paragraph.

45.  For answer to paragraph forty-five, Defendants deny the allegations in said paragraph.

46.  For answer to paragraph forty-six, Defendants deny the allegations in said paragraph.

47.  For answer to paragraph forty-seven, Defendants deny the allegations in said paragraph.

48.  For answer to paragraph forty-eight, Defendants deny the allegations in said paragraph.

49.  For answer to paragraph forty-nine, Defendants deny the allegations in said paragraph.

50.  For answer to paragraph fifty, Defendants concur and separately request a jury trial herein.

51.  For answer to the Prayer of the Complaint, Defendants deny the allegations in said prayer, including all subparts.

<u>FIRST AFFIRMATIVE DEFENSE</u>

28.   As for a first, separate and distinct affirmative defense, these answering Defendants allege that the Complaint fails to state a cause of action against these Defendants.

SECOND AFFIRMATIVE DEFENSE

29.  As and for a second, separate and distinct affirmative defense, these answering Defendants allege that any City of Santa Barbara employees referred to in the Complaint as such were, and are now duly qualified, appointed and acting police officers of the City of Santa Barbara and peace officers of the State of California, and that at all times herein mentioned, said employees were engaged in the performance of their regular assigned duties as police officers.

THIRD AFFIRMATIVE DEFENSE

30.  As and for a third, separate and distinct affirmative defense, these answering Defendants allege that the City of Santa Barbara and any City of Santa Barbara employees referred to in the Complaint, at all times herein relevant, acted in good faith, without malice, and within the scope of their duties as police officers and other officials for the City of Santa Barbara and as peace officers for the State of California.

FOURTH AFFIRMATIVE DEFENSE

31.  As and for a fourth, separate and distinct affirmative defense, these answering Defendants allege that any injuries to Plaintiff were due to and caused by the negligence and omissions of Plaintiff to care for himself, which carelessness, negligence and omissions were the proximate cause of the damage, if any, to the Plaintiff.

FIFTH AFFIRMATIVE DEFENSE

32.  As for a fifth, separate and distinct affirmative defense, these answering Defendants allege that any injury or damage suffered by Plaintiff was caused solely by reason of Plaintiff's wrongful acts and conduct and the willful resistance to a peace officer in the discharge, and attempt to discharge the duty of his office, and not by reason of any unlawful acts or omissions by these Defendants.

///

1

## SIXTH AFFIRMATIVE DEFENSE

2   33.   As and for a sixth, separate and distinct affirmative defense, these

3  answering Defendants allege that the actions of these Defendants were reasonable,

4  proper, and legal.

5

## SEVENTH AFFIRMATIVE DEFENSE

6   34.   As and for a seventh, separate and distinct affirmative defense, these

7  answering Defendants allege that a public employee is not liable for his act or

8  omission, exercising due care in the execution or enforcement of any law.

9

## EIGHTH AFFIRMATIVE DEFENSE

10   35.   As and for an eighth, separate and distinct affirmative defense, these

11  answering Defendants allege that a public employee is not liable for any injury

12  caused by the act or omission of another person.

13

## NINTH AFFIRMATIVE DEFENSE

14   36.   As and for a ninth, separate and distinct affirmative defense, these

15  answering Defendants allege that a public employee is not liable for an injury

16  resulting from his act of omission where the act or omission was the result of the

17  exercise of the discretion vested in him.

18

## TENTH AFFIRMATIVE DEFENSE

19   37.   As and for a tenth, separate and distinct affirmative defense, these

20  answering Defendants allege that the actions of these Defendants are not liable for

21  any injury or damage resulting from Plaintiff resisting arrest.

22

## ELEVENTH AFFIRMATIVE DEFENSE

23   38.   As and for an eleventh, separate and distinct affirmative defense, these

24  answering Defendants allege that to the extent that the Plaintiff suffered any

25  detriment, such detriment was voluntarily consented to by the Plaintiff.

26

## TWELFTH AFFIRMATIVE DEFENSE

27   39.   As and for a twelfth, separate and distinct affirmative defense, these

28  answering Defendants allege that to the extent the Plaintiff suffered any detriment,

the risk of such detriment was assumed by the Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

40.    As and for a thirteenth, separate and distinct affirmative defense, these answering Defendants allege that Plaintiff did not suffer any detriment or damage in any amount whatsoever or at all.

## FOURTEENTH AFFIRMATIVE DEFENSE

41.    As and for a fourteenth, separate and distinct affirmative defense, these answering Defendants allege that to the extent Plaintiff suffered any detriment, such was unavoidable.

## FIFTEENTH AFFIRMATIVE DEFENSE

42.    As and for a fifteenth, separate and distinct affirmative defense, these answering Defendants allege that if it should be found that these answering Defendants are in any manner legally responsible for the damages, if any, sustained by Plaintiff, which these Defendants specifically deny, then such damages were proximately caused or contributed to by other parties, whether Plaintiffs, Defendants, Cross-Complaints, Cross-Defendants, or otherwise, in this case, whether served or not served, and by other persons or entities not presently parties to this action, and it is necessary that the proportionate degree of negligence or fault of each and every said person or entity be determined and prorated and that any judgment which might be rendered against these answering Defendants be reduced not only by that degree of negligence found to exist as to other parties, but by the total of that degree of negligence or fault found to exist as to other persons or entities.

## SIXTEENTH AFFIRMATIVE DEFENSE

43.    As and for a sixteenth, separate and distinct affirmative defense, these answering Defendants allege that Plaintiff has failed to comply with applicable sections of the *California Government Code* relating to claims and actions against

///

public entities and public employees and is therefore barred from alleging any state causes of action.

## SEVENTEENTH AFFIRMATIVE DEFENSE

44.   As and for a seventeenth, separate and distinct affirmative defense, these answering Defendants allege that public employees are immune from liability for acts undertaken in an official capacity, in reasonable good faith, even if mistaken, and in accordance with clearly established law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

45.   As and for an eighteenth, separate and distinct affirmative defense, these answering Defendants allege that the force used, if any, was reasonable, proper and necessary to overcome the resistance of Plaintiff during a lawful arrest.

## NINETEENTH AFFIRMATIVE DEFENSE

46.   As and for a nineteenth, separate and distinct affirmative defense, these answering Defendants allege that the actions of Plaintiff caused these Defendants and any other reasonable peace officer to objectively believe that probable cause existed for the arrest of Plaintiff.

## TWENTIETH AFFIRMATIVE DEFENSE

47.   As and for a twentieth, separate and distinct affirmative defense, these answering Defendants allege that no violation of any state or federal constitutional right occurred.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

48.   As and for a twenty-first, separate and distinct affirmative defense, these answering Defendants allege that Plaintiff has failed to allege or identify any duty, special relationship, custom, policy, or practice of any of these Defendants upon which to base a claim of liability.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

49.   As and for a twenty-second, separate and distinct affirmative defense, these answering Defendants allege that no action of any of these Defendants

interfered with or deprived Plaintiff of any First Amendment or other constitutional right and that Plaintiff's speech was not constitutionally protected.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

50.   As and for a twenty-third, separate and distinct affirmative defense, these answering Defendants allege that Defendants owed no statutory, constitutional or other duty to Plaintiff and that no special relationship existed with these Defendants.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

51.   As and for a twenty-fourth, separate and distinct affirmative defense, these answering Defendants allege that the actions of these Defendants were lawful and proper and that probable cause existed for the arrest and/or detention of Plaintiff.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

52.   As and for a twenty-fifth, separate and distinct affirmative defense, these answering Defendants allege that City of Santa Barbara employees had probable cause to stop, detain, and investigate Plaintiff and to use such force as was reasonably necessary to accomplish their lawful purpose being in all respects, reasonable, proper, necessary, and legal.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

53.   As and for a twenty-sixth, separate and distinct affirmative defense, these answering Defendants allege that Defendants acted in good faith and did not violate any clearly established constitutional right of Plaintiff.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

54.   As and for a twenty-seventh, separate and distinct affirmative defense, these answering Defendants allege that all Defendants were adequately trained, hired and retained as peace officers for the City of Santa Barbara.

///

///

10

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

55.   As and for a twenty-eighth, separate and distinct affirmative defense, these answering Defendants allege that no cause of action for a First Amendment violation may be stated.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

56.   As and for a twenty-ninth, separate and distinct affirmative defense, these answering Defendants allege that the filing of criminal charges by the prosecutor shields Defendants for any liability arising out of allegations of false arrest or malicious prosecution.

## THIRTIETH AFFIRMATIVE DEFENSE

57.   As and for a thirtieth, separate and distinct affirmative defense, these answering Defendants allege that no punitive or exemplary damages may be alleged or obtained from a public entity.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

58.   As and for a thirty-sixth, separate and distinct affirmative defense, these answering Defendants allege that Defendants are entitled to all other applicable immunities provided by state and federal law not specifically set forth herein and specifically reserve the right to add to or amend this Answer prior to the date of the Pre-Trial Conference in order to conform the pleadings to established evidence.

WHEREFORE, these Defendants pray for judgment against the Plaintiff as follows:

1.    That the within Complaint be dismissed with prejudice;

2.    That the Plaintiff take nothing way of this Complaint;

3.    For attorneys' fees pursuant to 42 U.S.C. § 1988

4.    For costs of suit incurred herein; and

///

///

11

5.    For such other and further relief as this Court may deem just and proper.

DATED: January 22, 2010                    FERGUSON, PRAET & SHERMAN
                                           A Professional Corporation


                              By:    /s/ Bruce D. Praet
                                     Bruce D. Praet,
                                     Attorneys for Defendants


## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury in the above-referenced matter.

DATED: January 22, 2010                    FERGUSON, PRAET & SHERMAN
                                           A Professional Corporation


                              By:    /s/ Bruce D. Praet
                                     Bruce D. Praet,
                                     Attorneys for Defendants

1    PROOF OF SERVICE

2    STATE OF CALIFORNIA, COUNTY OF ORANGE

3        I, Cathy Sherman, am employed in the aforesaid County, State of California;
I am over the age of 18 years and not a party to the within action.  My business
4    address is 1631 East 18th Street, Santa Ana, California 92705-7101.

5        On  January 22, 2010, I served the foregoing **DEFENDANTS' ANSWER
TO COMPLAINT; DEMAND FOR JURY** on the interested parties in this
6    action by placing a true copy thereof, enclosed in a sealed envelope, addressed as
follows:

7

8    BRIAN A. VOGEL, SBN 167493
EMAIL: brian@.bvogel.com
THE LAW OFFICES OF BRIAN A. VOGEL, PC
9    770 County Square Dr., Ste. 104
Ventura, CA 93003
10   Phone: (805) 654-0400
FAX: (805) 654-0326

11

12   ____        (By Mail)  I placed such envelope for deposit in accordance with
office practice, sealed, with postage thereon fully paid and the
correspondence to be deposited in the United States mail at Santa
13               Ana, California on the same day.

14   XXX        (By e-filing) The above noted individuals are registered with the
Court to receive notice of electronically filed documents. Per ECF
15               rules, hard copies must be served only on parties who are not set up
for electronic notification.

16

17   XXX        (Federal)  I declare under penalty of perjury that the foregoing is true
and correct, and that I am employed in the office of a member of the
bar of this Court at whose direction the service was made.
18

19   Executed on January 22, 2010, at Santa Ana, California.

20                              /s/ Cathy Sherman_____
                               Cathy Sherman
21

22

23

24

25

26

27

28

13